**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0285-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFREY N. MOORE,[1]

     Defendant-Appellant.

_____

Submitted January 13, 2021 – Decided February 16, 2021

Before Judges Vernoia and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Accusation Nos. 10-09-0331 and 10-09-0332.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

James L. Pfeiffer, Acting Warren County Prosecutor, attorney for respondent (Dit Mosco, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

_____

[1] Defendant is designated in the record also as Jeffrey Nicholas Moore.

PER CURIAM

Defendant Jeffrey N. Moore appeals from an order denying his post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On September 28, 2010, defendant pled guilty under separate accusations to third-degree endangering the welfare of a child involving sexual conduct, N.J.S.A. 2C:24-4(a), third-degree terroristic threats, N.J.S.A. 2C:12-3(b), a disorderly persons offense of possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(4), and an amended disorderly persons offense of CDS distribution, N.J.S.A. 2C:35-5(b). Defendant signed and initialed each page of the plea form, including a supplemental plea form for sexual offenses. Also, during his plea hearing, defendant acknowledged that as a result of his guilty plea to the endangering charge, he would be sentenced to parole supervision for life (PSL), N.J.S.A. 2C:43-6.4(a), and would be required to comply with the requirements of Megan's Law, N.J.S.A. 2C:7-1 to -11. Defendant testified he understood the nature of his charges and understood his rights. He further testified he reviewed his plea with his attorney the night before the plea hearing and had an ample time to discuss the matter with counsel.

Further, defendant provided a factual basis for his offenses. On the endangering charge, he admitted he had sexual intercourse with, and performed

oral sex on, his fifteen-year-old victim. At the conclusion of the plea hearing, the judge found defendant was "adequately advised" of his rights, that he waived those rights, free of threats or coercion, and that he was satisfied with his attorney's representation.

Defendant was sentenced in accordance with his plea agreement on May 13, 2011. The sentencing judge imposed a three-year prison term for the endangering offense, conditioned on PSL and Megan's Law restrictions, to run concurrent to a three-year term for the terroristic threats charge.[2] At the conclusion of the sentencing proceeding, the judge advised defendant he had forty-five days to appeal his conviction and sentence. The judge added, "[i]f you want to appeal and you miss that 45-day deadline, it will be extended for 30 days for good cause shown . . . . You also have five years from today's date to file a petition for post-conviction relief." Asked by the judge if he understood those rights, defendant answered, "[y]es." Defendant did not appeal his conviction or sentence.

---

[2] The record does not reflect that any sentences were pronounced on the two CDS-related disorderly persons offenses to which defendant pled guilty. It is unnecessary for us to address the resolution of these offenses on this appeal, but we note either party is free to apply directly to the trial court to seek appropriate relief based on any outstanding charges.

Defendant filed a pro se PCR petition on December 12, 2017, more than six years after he was convicted. Once he was assigned PCR counsel, he supplemented his petition. Defendant contended, among other claims, that PSL "violates the ex post facto clause," "is unconstitutional and should be abolished," that the consequences of his plea were not explained to him, and that his trial counsel was ineffective. In particular, he claimed his attorney did not properly prepare and investigate his case. Further, he argued that if he had known the "actual consequences of the guilty plea, [he] would never have accepted it and would have taken the case to trial." Additionally, defendant certified he was not advised by his "attorney or anyone else that [he] could appeal [his] conviction" and "never advised that [he] could file a petition for post-conviction relief and that [he] had to do that within 5 years."

Following oral argument on June 27, 2019, the PCR judge denied the petition without an evidentiary hearing. He found defendant's argument regarding ex post facto laws was unpersuasive and that his petition was time barred. However, the judge also considered the merits of defendant's petition. He noted defendant was "given the minimum sentence for this third-degree crime of endangering the welfare of a child." Additionally, the judge referred to the transcript from defendant's plea and sentencing hearings and found:

A-0285-19

[defendant] raises the issue of ineffective assistance [of] counsel. In reviewing the record before me, which contains some statements under oath, a colloquy plea of guilty by the appellant, Mr. Moore, under oath, and, today, claiming that the only reason he pled guilty was because his lawyer told him he had to do that.

. . . .

I cannot find evidence enough in this record . . . that counsel in this matter was ineffective . . . nor can I find any justification for not filing an appeal within the five years provided by our statute. Particularly, although he denies that he was advised of the five-year provision, it's clearly in the record. So, I can't find that statement to be credible.

On appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED BY FINDING THAT DEFENDANT'S PETITION WAS TIME BARRED AND BY DENYING THE PETITION WITHOUT AFFORDING DEFENDANT AN EVIDENTIARY HEARING.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

B. THE TIME BAR OF [RULE] 3:22-12 SHOULD HAVE BEEN RELAXED.

C. FAILURE TO COMMUNICATE AND INVESTIGATE.

5

Having considered these arguments in light of the record and applicable legal standards, we are not persuaded.

A PCR petition must be filed within five years of the entry of the judgment of conviction. R. 3:22-12(a)(1). However, "[t]he five-year time limit is not absolute." State v. Milne, 178 N.J. 486, 492 (2004). "[A] court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand it." State v. Goodwin, 173 N.J. 583, 594 (2002).

A claim of excusable neglect requires "more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). To avoid application of the time bar in Rule 3:22-12(a)(1), the defendant must show the failure to file a petition within the time required was due to "compelling, extenuating" or "exceptional circumstances." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (quoting Milne, 178 N.J. at 492). In determining whether the defendant has made the required showing, the court must consider: (1) "the extent and cause of the delay"; (2) "the prejudice to the State"; and (3) "the importance of the petitioner's claim in determining whether there has been an

A-0285-19

'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

Here, defendant did not demonstrate his failure to file a timely PCR petition was due to "excusable neglect." Instead, he argued he was unaware he had to file his PCR petition within five years of conviction. Yet, the record clearly demonstrates he was informed of the five-year deadline at sentencing. Moreover, excusable neglect under Rule 3:22-12 cannot be based on ignorance, misunderstanding, or a lack of sophistication in the law. State v. Murray, 162 N.J. 240, 246 (2000) (citing Mitchell, 126 N.J. at 580). Thus, the PCR judge properly denied defendant's PCR petition as time barred under Rule 3:22-12 (a)(1).

Although we dispose of this appeal on procedural grounds, we briefly address the merits of defendant's ineffective assistance of counsel claims. To demonstrate ineffective assistance of counsel, a defendant must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58-59 (adopting the two-prong Strickland test in New Jersey). Moreover, "[t]o set aside a guilty plea based

on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (alterations in original)). A defendant claiming ineffective assistance of plea counsel must also demonstrate that but for counsel's errors "it would have been rational under the circumstances" to reject the plea bargain and proceed to trial. State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Merely raising a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Further, the denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. Brewster, 429 N.J. Super. at 401 (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)).

Here, we are persuaded defendant did not demonstrate it would have been rational for him to reject the highly favorable plea offer tendered by the State. See Maldon, 422 N.J. Super. at 486. Indeed, although he stated in his PCR petition that he "wanted to take the case to trial and knew that [he] would be acquitted as the prosecutor would not be able to prove their case," such

statements amount to bald assertions.  See Cummings, 321 N.J. Super. at 170 (explaining "bald assertions" are insufficient to sustain a defendant's burden of establishing a prima facie case of ineffective assistance of counsel under the Strickland standard).  Not only did defendant fail to articulate a viable trial strategy to bolster his claims, but the proofs against defendant were strong.  For example, he provided a statement to the police, admitting he performed oral sex on, and engaged in sexual intercourse with, his fifteen-year-old victim; the victim provided similar information to the local prosecutor's office.  Regarding the terroristic threats offense, the record reflects defendant threatened to kill a police officer while he was being processed at police headquarters.

Additionally, defendant provided a detailed factual basis for each offense.  Prior to doing so, he assured the trial court that he discussed his guilty pleas with his lawyer the night before the plea hearing and was satisfied with his attorney's services.  Moreover, in exchange for his guilty pleas, he received a favorable plea bargain which resulted in the dismissal of two second-degree sexual assault charges, N.J.S.A. 2C:14-2(c)(4), as well as other charges.  Also, he received the benefit of the State's recommendation that he serve concurrent three-year prison terms on his third-degree offenses.  Subsequently, the sentencing judge adhered to the plea agreement and imposed the minimum

A-0285-19

sentence for defendant's endangering offense. Accordingly, we are convinced the PCR judge properly rejected defendant's ineffective assistance of counsel claims and that the judge did not abuse his discretion in denying defendant's PCR petition without an evidentiary hearing.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION